IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY G. JACKSON,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN RON BARNES,<br><br>    Respondent. | No. C 12-0855 LHK (PR)<br><br>ORDER TO SHOW CAUSE; DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docket Nos. 9, 10.) |

    Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner submitted a Certificate of Funds, signed by an authorized officer, that indicated that Petitioner had an average monthly balance of $26.42 for the past six months, and an average monthly deposit of $51.13 in his inmate trust account. Thus, Petitioner's motion for leave to proceed in forma pauperis is DENIED. Petitioner also moved for the Court to withdraw the $5.00 filing fee from his trust account. However, the Court cannot do so. Petitioner is directed to submit the filing fee within thirty days of the filing date of this order.

---

[1] Petitioner initially brought this action against Matthew Cate, the Secretary of the California Department of Corrections and Rehabilitation. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ron Barnes, the current warden of High Desert State Prison, where Petitioner is currently incarcerated, is hereby substituted as Respondent.

Order to Show Cause; Denying Motion for Leave to Proceed In Forma Pauperis; Denying Motion for Appointment of Counsel
G:\PRO-SE\SJ.LHK\HC.12\Jackson855oscdenifp.wpd

After reviewing Petitioner's federal petition, the Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

As grounds for relief, Petitioner claims that: (1) he was denied his right to self-representation; (2) he received ineffective assistance of appellate counsel for failing to raise a claim of ineffective assistance of trial counsel; (3) he received ineffective assistance of trial counsel when trial counsel misled Petitioner to plead guilty when Petitioner was incompetent to do so; (4) he received ineffective assistance of trial and appellate counsel for failing to investigate mitigating evidence at sentencing; and (5) cumulative ineffective assistance of counsel errors prejudiced him. Liberally construed, Petitioner states cognizable claims for relief. The Court orders Respondent to show cause why the petition should not be granted as to the above issues.

Petitioner also alleges that trial and appellate counsel failed to raise the issue of a warrantless arrest, and that counsel at his preliminary hearing failed to move for suppression of an unconstitutional arrest. However, a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Moran v. Godinez*, 57 F.3d

690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation). Thus, those pre-plea allegations are DISMISSED with prejudice.

**C.     Appointment of Counsel**

Petitioner has requested appointment of counsel in this action. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

Petitioner has thus far been able to adequately present his claims for relief. Respondent will produce the state record, which should include any state appellate briefs prepared by counsel. No evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent. At this time, appointment of counsel is not mandated, and the interests of justice do not require appointment of counsel. Accordingly, Plaintiff's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

## CONCLUSION

1.      Petitioner's motion for leave to proceed in forma pauperis is DENIED. Petitioner must pay the $5.00 filing fee within **thirty (30) days** of the filing date of this order, or face dismissal of this action for failure to pay the filing fee.

2.      The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3.      Respondent shall file with the Court and serve on Petitioner, within **ninety days**

of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 6/22/12

LUCY H. KOH
United States District Judge