IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY G. JACKSON, | ) | No. C 12-0855 LHK (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS PETITION; DENYING |
| v. | ) ) | CERTIFICATE OF APPEALABILITY |
| WARDEN RON BARNES, | ) ) | |
| Respondent. | ) ) | (Docket No. 15) |

Petitioner, a state prisoner proceeding *pro se*, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 conviction and sentence in the Superior Court of Santa Clara County. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition, and Respondent has filed a reply. Petitioner then filed a "motion of traverse" in response to Respondent's reply. Having considered all the papers submitted, the Court GRANTS Respondent's motion to dismiss.

**I.    BACKGROUND**

In 2006, Petitioner pleaded guilty to rape. (Mot. at 2.) On November 28, 2006, Petitioner filed a notice of appeal in the California Court of Appeal. (Mot., Ex. A.) On July 9, 2007, Petitioner abandoned the appeal, and it was dismissed. (*Id.*) On November 23, 2011, Petitioner filed a state habeas petition in the California Court of Appeal, which denied the petition on December 2, 2011. (Mot., Ex. B.) On January 11, 2012, the California Supreme Court denied a petition for review.

(Mot., Ex. C.) Petitioner filed the underlying federal petition on February 3, 2012.

## II.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under the AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner filed an abandonment of his appeal on July 9, 2007, and a remittitur issued that same day. (Mot., Ex. 2.) If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-654 (2012). Here, Petitioner needed to file a petition for review within 10 days after the date the Court of Appeal's decision became final, i.e., by July 19, 2007. *See* Cal. R. Ct. 8.500(e)(1). Thus, for the purposes of the AEDPA, Petitioner's judgment became final on July 19, 2007. Accordingly, the statute of limitation period commenced on July 20, 2007, and expired on July 19, 2008. Absent tolling, Petitioner's federal petition, filed on February 3, 2012 is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, there is no basis for

statutory tolling because Petitioner's first state habeas petition was not filed until November 23, 2011 (doc. no. 11, Ex. 1), more than three years after the limitations period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Petitioner argues that he should be excused from the statute of limitations because he is actually innocent. "[A] credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc). Under this "equitable exception," a petitioner "may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." *Id.* In order to pass through the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup*, 513 U.S. at 314-15 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. A petitioner must support his claims "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324. "By enumerating [these] categories of evidence that could prove innocence, the Supreme Court made clear that less reliable kinds of evidence cannot support an actual innocence claim." *Lee*, 653 F.3d at 945-46 (Kozinski, J. concurring).

Here, Petitioner fails to make any tangible or specific showing of actual innocence. His opposition and "traverse" offer legal citations and propositions, but no specific evidence to support Petitioner's assertion that he is actually innocent. Without such reliable evidence, Petitioner fails to demonstrate that it is more likely than not that no reasonable juror would have convicted him. *See Schlup*, 513 U.S. at 327.

Accordingly, Petitioner's assertion of actual innocence is insufficient to excuse the untimeliness of his federal petition.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.12\Jackson855mtdtim.wpd        3

### III. CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED. The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

### IV. CERTIFICATE OF APPEALABILITY

For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: 5/11/13

LUCY H. KOH
United States District Judge